[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5639
The plaintiffs, owners of a condominium unit at the Georgetown Village Condominium in Glastonbury, have brought this action against the Georgetown Village Condominium Association (Association), its Board of Directors (Directors) and Advanced Property Management, Inc. The plaintiffs' four count complaint generally attacks the defendants' parking policies and the procedures by which they were adopted.
The defendants move for summary judgment as to Counts 2, 3 and 4. Their principal argument is that the current action is barred by res judicata. The procedural and factual background of this action arises out of an earlier lawsuit. In August 1993, Robert and Susan Girouard filed suit against the Association and the Directors alleging a violation of the terms of the Declaration of the Association and of the duty of good faith as set forth in the Common Interest Ownership Act, § C.G.S.47-211.[1] Girouard v. Georgetown Village Condominium Association,et al. The 1993 action claimed that the defendants had illegally allocated parking spaces, thereby violating the terms of the Declaration and the maps on file with the Town of Glastonbury. It also alleged that the Association and Directors violated the duty of good faith required by the Declaration and the Common Interest Ownership Act. The plaintiffs sought an order directing the defendants to allocate an additional parking space to them.
A trial was conducted before the Court, Holzberg, J., on June 27 and June 30, 1995, which resulted in a verdict for the defendants. The October 11, 1995, Memorandum of Decision concluded that the plaintiffs could not prevail on their claim because there had been no allocation within the meaning of the
Declaration:
 [T]here is nothing in either § 3.1 of the Declaration or Exhibit D which suggests that the defendant is required to allocate outside parking spaces. It is true, as plaintiffs argue, that if such allocation were to occur, all unit owners must receive an equal number of spaces. However, in the absence of such an allocation in accordance with the provisions of the Declaration, the plaintiffs are not entitled to two designated CT Page 5640 spaces. Because the defendant's "assignment", of designated outside parking spaces spaces at the rate of one per unit was made pursuant to the Association's statutory authority, no allocation, as that term is used in the Declaration, occurred. (Memorandum of Decision, October 11, 1995, Holzberg, J.)
Robert and Susan Girouard, the plaintiffs in the 1993 action, filed the present action on March 1, 1996. They now assert that the Condominium Association parking policy has never been approved by a majority of the unit owners and that the policy violates the surveys and plans contained in the Declaration. In their motion for summary judgment, the defendants claim that the present action should be barred under the doctrine of res judicata because the present action arises from the same set of facts that were litigated in the prior trial and because the claims in the present action could have been, but were not raised in the earlier proceeding.
The standard for granting a motion for summary judgment is well established. Pursuant to Connecticut Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994) (internal quotations and citations omitted). Under this test, "questions about motive, intent and good faith should not be resolved by summary judgment." Paine Webber Jackson Curtis v. Winters,13 Conn. App. 712, 721, 539 A.2d 595 (1988). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 538 A.2d 1031 (1988).
The law of res judicata is well-established in Connecticut. The doctrine is based on the public policy that "a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." In Re Juvenile Appeal, 190 Conn. 310,318, 460 A.2d 1277 (1983). CT Page 5641
 Res judicata, or claim preclusion, prevents a litigant from reasserting a claim that has already been decided on the merits. The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made.
Tucker v. Pace Investment Associates, 32 Conn. App. 384, 388,629 A.2d 470, 472-473 (1993) (internal citations omitted) (emphasis added). Our Supreme Court has ruled that because the doctrine of claim preclusion prohibits relitigation of the original claim, it is essential to define the scope of that original claim.
 The claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the translation, or series of connected transactions, out of which the action arose. What factual groupings constitutes a transaction, and what groupings constitute a series [of transactions], are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. . .
Duhaime v. American Reserve Life Insurance Company,200 Conn. 360, 364-365, 511 A.2d 333 (1986).
A comparison of the claims in the present action with those in the earlier action demonstrates that the essence of the allegations in each action are substantially the same. Both actions claim violations of the Declaration by the Georgetown Village Condominium Association and its Board of Directors. In each case, the plaintiffs claim that the defendants did not follow the correct procedures regarding the development and implementation of the Association's parking policy and assignment CT Page 5642 of parking spaces to unit owners.
Because the plaintiffs' claims in this action arise out of the same series of facts litigated in the prior action, these claims are barred under the doctrine of res judicata. The prior action alleged that the Association improperly allocated parking spaces, thereby violating the Declaration. In this case, the plaintiffs likewise claim that a violation of the Declaration occurred in that the parking spaces do not conform to the surveys and plans in the Declaration and a majority of the unit owners did not approve the parking policy. Because both claims arise out of the same set of objective facts and because both actions challenge the Association's parking policies and the Association's authority to regulate parking, the present action is barred by the doctrine of res judicata.
This conclusion is supported by the public policy underlying res judicata. Since the plaintiffs had a full and fair opportunity to have their claim heard, they should not be allowed to use scarce judicial resources to bring causes of action which could have, and should have, been brought earlier. There must be an end to litigation, and requiring plaintiffs to assert claims related to the same facts at the same time serves that purpose.Tucker v. Pace Investment Associates, supra.
Accordingly, the defendant's motion for summary judgment as to Counts 2, 3 and 4 is granted.
SO ORDERED,
ROBERT L. HOLZBERG JUDGE, SUPERIOR COURT